IN THE UNITED STATES DISTRICT COURT
**FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

**ORLANDO BETHEL** and **GLYNIS
BETHEL** individually, and **ORLANDO
BETHEL** and **GLYNIS BETHEL** as
Next Friends of Minor Children **ZOE
BETHEL, KEZIA BETHEL** and
**ZION BETHEL;**
        **Plaintiffs,**

**vs.**

Civil Action No.: 2:06-CV-870-MEF

**THE CITY OF SELMA, ALABAMA;
SERGEANT WEBER** in his official and
individual capacity as a police officer;
**OFFICER JIMMY CROWE** in his official
and individual capacity as a police officer;
**LIEUTENANT JOHN BROCK** in his official
and individual capacity as a police officer;
**SERGEANT WILLIE BILLINGSLY**
in his official and individual capacity as a
police officer; **OFFICER CHRISTOPHER
HARRIS** in his official and individual capacity
as a police officer; **OFFICER JEFF HARDY**
in his official and individual capacity as a police
officer;
        **Defendants.**
_____/

## COMPLAINT
### FOR 42 USC 1983 CIVIL RIGHTS VIOLATIONS AND REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES

1.     This is a civil rights action brought pursuant to the First, Fourth and Fourteenth

Amendments to the Constitution of the United States, 42 U.S.C. 1983;

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 1

1


SCANNED
KA 9/29/06

2.        Plaintiffs seek a Declaratory Judgment and Monetary Damages of one-million

(1,000,000.00) for injuries, including assaults and excessive force, cause by the named

Defendants, their agents, servants and employees, and those acting in active concert with

them acting willfully and with specific intent to violate protected constitutional rights of

the Plaintiffs and their three children including 3 false arrests and imprisonments (two

false arrests against the Plaintiff Orlando Bethel and one false arrest against Plaintiff

Glynis Bethel and threats of [false] arrests against the children who are also a parties

(Plaintiffs) to this suit;

3.        The City of Selma police operating under color of law in joint action, retaliation

and conspiracy deployed law enforcement agencies to disrupt the lawful Religious

preaching activities of Plaintiffs while on PUBLIC property in the City of Selma (located

on Highway 80 and 14; Highland Avenue) and punished with unlawful detention and

false arrest the Plaintiffs Orlando and Glynis Bethel who were engaged in lawful civil

dissent of planned demonstrations (i.e.: preaching the gospel); distribution of free

Religious literature to motorist; acceptance of public donations; displaying of Religious

signs; offering prayer to the general public who desires prayer, etc.;

4.        The Plaintiffs challenges the City of Selma's Ordinance (*Sec. 17-83*) "permit"
                                                                  *Sec. 177*
requirement to solicit donations from the general public (located on Highway 80 and 14;

Highland Avenue) as being **unconstitutional on it's face and as applied** to the lawful

activities of the Plaintiffs while on the public property; *(Exhibits  D, E )*

5.        The Plaintiffs were granted an additional "permit" by the City (Exhibit B) even

though one is not required according to the Constitution of the United States specifically

the First Amendment (Free Association, Establishment, Peaceful Assembly, Freedom of

2

Religion) in order to have the right to stand on the public property in order to conduct their Religious activities after the Plaintiffs complained to the Mayor James Perkins, Jr. that they were being harassed by the City of Selma Police Officers demanding a "permit";

6.      The unlawful conduct challenged of the City of Selma police was operating under color of law herein was neither aberrational nor was the consequences of overzealous, but willful and well intentioned law enforcement scheme and conspiracy;

7.      It was the implementation of a pre-designed plan to engage in unconstitutional preemptive arrests intended to round up the Plaintiffs and their children banning the Plaintiffs lawful Religious activities and to handcuff the Plaintiffs Orlando Bethel and Glynis Bethel confined and illegally detained in a jail facility and confined Plaintiff Orlando Bethel to deter both Plaintiff protestors from lawfully exercising their sincerely held Religious beliefs **in the absence of probable cause**, but under color of law thus depriving the Plaintiffs of a right secured and protected by the Constitution;

8.      Subsequently, the Plaintiffs were harassed, while shopping at the Wal-Mart, by the Defendants and their younger child was assaulted and the children left in the Wal-Mart parking lot upon the false, retaliatory and malicious arrests of their parents when the parents finished a public protest with their sign: "Corrupt Law Officers Repent…";

9.      The Defendants abused their authority overall maintained a unconstitutional policy, practice and custom of preventive detention and targeted the Plaintiffs who were engaged in constitutionally protected Religious Protests on PUBLIC property and detained both, through harassment and a false arrests, for an extended period of time, in order to take the Plaintiffs off of the streets and prevent them from engaging in further

3

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 3

Religious activities on subsequent days of street preaching, and to induce fear through the deprivation of the Plaintiffs' civil rights;

10.     United States v. Price, 383 U.S. 787, 800 (1966) (statute precludes interference with all rights protected by Constitution or federal statutes) ;

## JURISDICTION AND VENUE

11.     Jurisdiction of this Court is invoked pursuant to Title 28 U.S.C. 1331. Jurisdiction is premised upon the existence of federal questions and deprivation of federally protected civil rights and some are included because the Plaintiffs don't know if to include, so they threw them in;

12.     This Court has jurisdiction, pursuant to 28 U.S.C. 1343, over this action because it includes federal questions and/or seeks to redress the deprivation, under color of State law, statute, ordinance, regulation, custom and/or usage rights, privileges and/or immunities secured by the United States Constitution and Federal law, which provides for equal rights of citizens and others, including the Plaintiff, within the jurisdiction of the United States;

13.     This Court has authority to declare the rights and legal relations of the parties, pursuant 28 U.S.C. 2201 and 2202, because this is a case of actual controversy within this Court's jurisdiction;

14.     Venue is proper under 28 U.S.C. 139(b)(1)and (2). Each and all of the acts alleged herein were committed by Defendants, within the territorial limits of this Court;

15.     This Court has jurisdiction over this civil action pursuant to 18 U.S.C. §241, 242 and 42 U.S.C. §14141 based on the officers violations against the Plaintiffs of 18 U.S.C. §241, 242 and 42 U.S.C. §14141 and a private right of action under (Title VI) and under

4

the OJP Program Statute; because the Plaintiffs have first exhausted their administrative

remedies by filing a complaint with both the FBI and the Department of Justice;

16.      Entitled to file this claim under 42 U.S.C. §2000d, et seq. and 42 U.S.C. §

3789d(c);

17.      This action arises under the First, Fourth, and Fourteenth Amendments to the

United Constitution, 42 U.S.C. §1985(3);

18.      Any violent injury or illegal attempt to commit a physical injury (assault) upon a

person is a tort for which damages may be recovered;

19.      The Court has supplemental jurisdiction over the state law claims and a "Notice

of Claim" was filed according to Sections 11-47-23 and 11-47-192 Code of Alabama

1975 and fulfils the established statutory scheme, placing all parties employed by Selma,

Alabama on notice and claims under the Alabama Constitution Religious Freedom

Amendment pursuant to 28 U.S.C. §1367;

20.      This Court has authority to grant Plaintiffs' prayer for costs, including any

attorneys fees, under 42 U.S.C. 1988 if ever applicable;

## PARTIES

21.      The Plaintiff **Orlando Bethel,** Religious street preacher by profession and holds

sincerely held Religious beliefs to go into all of the world to preach the gospel to EVERY

creature according to his Holy Bible (King James Version) Mark Chapter 16, Verse 15, is

a natural person and a Christian who ministers the gospel of JESUS CHRIST on public

property in the Town of Loxley as well as in the United States and a citizen who is a

resident of Loxley, Alabama. Plaintiff at all times relevant to this action, resided and

5

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 5

continues to reside at 12724D Hwy 90 Loxley, Alabama 36551; Phone/Fax: 251-964-9955;

22.     The Plaintiff **Glynis Bethel**, Religious street preacher, who home schools, holds sincerely held Religious beliefs to go into all of the world to preach the gospel to EVERY creature according to his Holy Bible (King James Version) Mark Chapter 16, Verse 15, is a natural person and a Christian who ministers the gospel of JESUS CHRIST on public property in the Town of Loxley as well as in the United States and a citizen who is a resident of Loxley, Alabama. Plaintiff at all times relevant to this action, resided and continues to reside at 12724D Hwy 90 Loxley, Alabama 36551; Phone/Fax: 251-964-9955;

23.     The Plaintiff **Zoe Bethel,** the daughter of Orlando and Glynis Bethel, is a natural person and a Christian who also ministers the gospel of JESUS CHRIST on public property in the Town of Loxley as well as in the United States and a citizen who is a resident of Loxley, Alabama. Plaintiff at all times relevant to this action, resided and continues to reside at 12724D Hwy 90 Loxley, Alabama 36551; Phone/Fax: 251-964-9955;

24.     The Plaintiff **Kezia Bethel,** the daughter of Orlando and Glynis Bethel, is a natural person and a Christian who ministers the gospel of JESUS CHRIST on public property in the Town of Loxley as well as in the United States and a citizen who is a resident of Loxley, Alabama. Plaintiff at all times relevant to this action, resided and continues to reside at 12724D Hwy 90 Loxley, Alabama 36551; Phone/Fax: 251-964-9955;

6

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 6

25.       The Plaintiff **Zion Bethel**, the son of Orlando and Glynis Bethel, is a natural

person who ministers the gospel of JESUS CHRIST on public property in the Town of

Loxley as well as in the United States and a citizen who is a resident of Loxley, Alabama.

Plaintiff at all times relevant to this action, resided and continues to reside at 12724D

Hwy 90 Loxley, Alabama 36551; Phone/Fax: 251-964-9955;

26.       The **City of Selma, Alabama** is a public body corporate and politic established,

organized, and authorized under and pursuant to the laws of Alabama, with the authority

to sue and be sued, and was at all times relevant herein, operating within the course and

scope of its authority and under color of state law. The Address is: 222 Broad Street, P.O.

Box 450, Selma, Alabama 36702-0450. Phone: 334-874-2407;

27.       **SERGEANT WEBER** is and was at all times relevant to this action herein a

Sergeant and employee for the City of Selma Police Department, and was acting within

the course and scope of his employment working for the City of Selma, Alabama and is

sued in official and individual capacity and his address of employment is: Selma Police

Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-874-2121;

28.       **OFFICER JIMMY CROWE** is and was at all times relevant to this action

herein a police officer and employee for the City of Selma Police Department, and was

acting within the course and scope of his employment working for the City of Selma,

Alabama and is sued in official and individual capacity and his address of employment is:

Selma Police Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-

874-2121;

29.       **LIEUTENANT JOHN BROCK** is and was at all times relevant to this action

herein a police officer, Lieutenant and employee for the City of Selma Police

7

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 7

Department, and was acting within the course and scope of his employment working for the City of Selma, Alabama and is sued in official and individual capacity and his address of employment is: Selma Police Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-874-2121;

30.     **SERGEANT WILLIE BILLINGSLY** is and was at all times relevant to this action herein a police officer, Sergeant and employee for the City of Selma Police Department, and was acting within the course and scope of his employment working for the City of Selma, Alabama and is sued in official and individual capacity and his address of employment is: Selma Police Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-874-2121;

31.     **OFFICER CHRISTOPHER HARRIS** is and was at all times relevant to this action herein a police officer and employee for the City of Selma Police Department, and was acting within the course and scope of his employment working for the City of Selma, Alabama and is sued in official and individual capacity and his address of employment is: Selma Police Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-874-2121;

32.     **OFFICER JEFF HARDY** is and was at all times relevant to this action herein a police officer and employee for the City of Selma Police Department, and was acting within the course and scope of his employment working for the City of Selma, Alabama and is sued in official and individual capacity and his address of employment is: Selma Police Department, 1300 Alabama Avenue, Selma, Alabama 36703. Phone: 334-874-2121;

### STATEMENT OF FACTS

8

**CITY OF SELMA POLICE OFFICERS HISTORY OF RETALIATORY AND BAD FAITH HARASSMENTS AND THREATS OF FALSE ARRESTS AND FOR THE PLAINTIFFS' EXERCISE OF THEIR RELIGIOUS FREE SPEECH WHILE ON PUBLIC RIGHT OF WAYS AND STREETS AND IN RETALIATION FOR PETITIONING THE FEDERAL COURTS FOR RELIEF**

33.      On August 9, 2005 Plaintiffs Orlando Bethel, Glynis Bethel, Zoe Bethel, Kezia Bethel and Zion Bethel's visited the City of Selma, Alabama in order to preach the gospel and distribute free Religious literature and to accept public donations (soliciting);

34.      The Plaintiffs Orlando Bethel and Glynis Bethel who are Christians and who according to their sincerely held religious Christian beliefs were, quietly, peacefully, displaying their Religious messages on signs and were preaching the gospel on the right of way in the City of Selma and collecting (soliciting) donations given freely by the general public when the Plaintiffs were confronted by the City of Selma police officers who said that he Plaintiffs need a "permit" for their Religious activities;

35.      Through threats of arrests, Police officers unconstitutionally banned the Plaintiffs Orlando Bethel, Glynis Bethel, Zoe Bethel, Kezia Bethel and Zion Bethel's unpopular Religious speech activities of passing out free tracts with a Religious message and receiving donations by threats of false arrests and imprisonment of the Plaintiffs based on the City of Selma's unconstitutional ordinance which bans soliciting;

36.      The Plaintiffs discovered that the City of Selma allows and has sanctioned the privately owned Selma Times Journal to solicit newspaper sales on the public streets, sidewalks and right of ways in the City of Selma, Alabama);

37.      On September 1, 2005, approximately four City of Selma police officers confronted the Plaintiffs and stated that they had to have a "permit" in order to participate

9

in their street preaching activities on the public right of way and streets which includes solicitations from motorist for donations;

38.        On this same day, (September 1, 2005), the Plaintiff complained to the City of Selma's mayor Mr. James Perkins, Jr. that he was being harassed by the police and they were requiring a permit even though the Constitution allowed his free speech activities on the public property;

39.        On this same day, (September 1, 2005), the City of Selma through the City attorney Jimmy Nunn issued the Plaintiffs a letter (Exhibit B permit letter from the City attorney) providing them immunity from any enforcement of the City of Selma unconstitutional ordinance prohibiting the Plaintiffs' protected First Amendment rights, stating that *"the City of Selma has no objection"* to the Plaintiffs' First Amendment activities of *"Distribution of free literature and acceptance of public donation"*;

40.        This letter was dated for September 1, 2005 and was carbon copied to the Mayor James Perkins,  Chief of Police Jimmy Martin and City Clerk Lois Williams;

41.        On or about September 3, 2005 and there after the Plaintiff Orlando Bethel was in the City of Selma with his family preaching on the public property (located on Highway 80 and 14; Highland Avenue;

42.        The Plaintiff was approached by Defendant Jim Crow who demanded that the Plaintiff cease his street preaching activities;

43.        The Plaintiff informed the Defendant that he had a "permit" letter granted to him by the City Attorney Jimmy Nunn and that the letter was in his van across the street, but the Defendant ignored the Plaintiff's information that he had a letter from the City

10

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 10

attorney and warned the Plaintiff by threat arrest that when he (Defendant) came back that the Plaintiff better be off of the street;

44.     The Plaintiff rush to his van to get his "permit" letter from the City attorney to show it to the Defendant who promised to come back. The Defendant follows the Plaintiff across the street subsequently and then asked for identification. The Plaintiff pulled out his driver's license when the Defendant pushed the Plaintiff against his van face toward the van;

45.     The Plaintiff Orlando Bethel was physically assaulted by the Defendant Jim Crowe who pushed the Plaintiff against his van, twisted his arm behind his back, which caused pain to the Plaintiff. The Defendant Jim Crowe also demanded that the Plaintiff to turn his camera off (Exhibit A video taped evidence of the assaults);

46.     The Plaintiff gave the letter from attorney Jimmy Nunn to the Defendant Jim Crowe who viewed the letter, but the Defendant stated that what the Plaintiff was doing wasn't reasonable and then he told the Plaintiff if he saw him on the street again that he would be arresting him and that he really should arrest him then;

47.     The Defendant Jim Crow also made intimidating comments to the Plaintiff Glynis Bethel on a return visit to preach in the City of Selma, Alabama;

48.     Subsequently, within the 6 month requirement in the year of 2005, the Plaintiffs filed with the City of Selma a "Notice of Claim" (Exhibit C "Notice of Claim" letter;

49.     The Plaintiffs also filed a report to the FBI against the City of Selma's police officer violating the Plaintiffs' constitutional rights;

50.     On September 22, 2006, the Plaintiff Orlando Bethel was positioned on the right of way on Broad Street giving out free Religious literature, praying for motorist, and

11

collecting any free will donations given to him by motorist when he was approached by

Defendant Jim Crowe who ordered the Plaintiff to come to his police vehicle;

51.      The Defendant requested again for the "letter" that the Plaintiff received from the

City of Selma. The Plaintiff told the Defendant Jim Crowe that he already saw the letter

from the City attorney and that the Defendant already knows that he had a letter or

permission to be out [soliciting];

52.      The Defendant demanded that the Plaintiff stop his street preaching activities and

to come to his police car and turn off his camera;

53.      The Defendant Jim Crowe again asked for identification from the Plaintiff and the

Plaintiff gave him his driver's license;

54.      The Defendant got out of his vehicle and approached the Plaintiff Orlando Bethel

by grabbing his arm and twisting his arm behind his back and telling the Plaintiff to drop

his camera;

55.      Police Officer Calhoun showed up on the scene and got out of his vehicle and was

asking the Plaintiff to calm down and the Defendant Jim Crowe forcibly pushed the

Plaintiff on the hood of his police car and the Plaintiff's feet left the ground. The Plaintiff

was in pain because the Defendant kept twisting his arm harder and harder and the

Plaintiff informed the Defendant Jim Crowe that he was in pain;

56.      Then, without probable cause, the Defendant placed handcuffs on the Plaintiff and

told him that he was under arrest, but did not inform the Plaintiff of the [false] charges;

57.      Later the Plaintiff was informed that he had been arrested for soliciting even

though the Defendant knew that the Plaintiff had previous permission from the City of

Selma including the mayor, Chief of Police and City attorney;

12

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 12

58.     At the police station, the Plaintiff Glynis Bethel spoke to the bail bond (Ms. Frances) about the preexistence of a letter from the City of Selma condoning the Plaintiffs' street preaching activities and that her husband had been falsely arrested and the bail bond woman told her that the charges would have to be dropped upon the knowledge of the letter;

59.     The Plaintiff Glynis Bethel had a conference with the Sergeant Weber, commanding officer on duty that night, about the preexistence of a letter from the City of Selma which contradicted the false charges of soliciting, but the Defendant Sergeant Weber refused to drop the false charges. She also told him that the Bible stated that he was not to be a partaker of other men's sins and that all liars would burn in the lake of fire;

60.     The Sergeant confirmed that he was aware of the issues, but he could not un-arrest the Plaintiff Orlando Bethel in spite of the City of Selma's permission for the Plaintiff's soliciting before the arrest took place and the Plaintiff would have to go before the "judge";

61.     The Plaintiff Orlando Bethel was given three false charges (i.e.: soliciting in violation of ordinance 17.83; disobeying an lawful order; and resisting arrest) and spent approximately two hours in jail and had to pay $135.00 cash to a corrupt bail bondman (Leashore who advertises 5% of bond, but charges more) to bail out of jail;

62.     On September 23, 2006, the Plaintiff had finished street preaching on the public property with the signs: "Corrupt Law Officers Repent...," *"GOD Hates You Sinners Repent in JESUS' name Live Sin Free," "GOD Hates You Wicked Baby Killing Whores," "GOD Hates Gays Repent or Burn in Hell," "P. Diddy Son of Satan Repent,"*

13

and *"Repent Drunkards,"* among other signs being displayed and distributing free

Religious tracts with this Religious message below:

### REPENT or BURN in HELL GOSPEL MINISTRY
### SPEAKING IN TONGUES:
*a sign of being baptized with god's gift of the holy ghost WHO HELPS YOU LIVE SIN-FREE*

*\*EACH AND EVERY PERSON WHO RECEIVES THE BAPTISM OF THE HOLY GHOST (SPIRIT) WILL SPEAK IN (NEW, OTHER) TONGUES (Mark 16:17; Acts 2:2-4); \*IF YOU DID NOT RECEIVE THE OUTWARD SIGN OF SPEAKING WITH TONGUES, YOU DID NOT RECEIVE THE GIFT OF THE HOLY GHOST INDWELLING (Acts 10:44-48; Acts 15:8, 9); \*GOD ONLY GIVES THE HOLY GHOST TO THOSE WHO ARE WILLING TO OBEY HIM (BIBLE) (Acts 5:32); \*EVERY PERSON WHO REPENTS OR CONFESSES OR TURNS FROM HIS/HER SINS SHALL RECEIVE THE GIFT OF THE HOLY GHOST (Acts 2:37, 38; Luke 3:3-16; Mark 1:4-8); \*YOU MUST FIRST ACCEPT JESUS CHRIST AS YOUR PERSONAL LORD AND SAVIOR BEFORE RECEIVING THE GIFT OF THE HOLY GHOST (John 7:37-39; Acts 8:12-17; Ephesians 1:13); \*YOU MAY ASK GOD BY FAITH TO FILL YOU WITH THE HOLY GHOST (Luke 11:13); \*WHEN THE HOLY GHOST FIRST FILLS YOU UP, YOU WILL AUTOMATICALLY BEGAN SPEAKING IN TONGUES AND NO ONE WILL HAVE TO "TEACH" OR FORCE YOU (Acts 19:1-6); \*YOU CAN BE BAPTIZED WITH THE HOLY GHOST FIRST WITHOUT WATER BAPTISM-THESE ARE SEPARATE BAPTISMS (Acts 10:44-48); \*YOU CAN NOT ENTER INTO HEAVEN WITHOUT THE GIFT OF THE HOLY GHOST (John 3:5, 6; Romans 8:11; Romans 14:17); PLEASE PRAY: FATHER GOD IN THE NAME OF JESUS, I REPENT OF MY SINS. NOW PLEASE FILL ME WITH THE GIFT OF THE HOLY GHOST WITH THE SIGN OF SPEAKING IN "NEW" TONGUES SO THAT I MAY LIVE SIN-FREE SO THAT WHEN I DIE I WILL GO TO HEAVEN. AMEN.*
*Did You Know GOD Sends "Sinners" to Hell and NOT their "sin"?  **(Please read Psalm 5: 4, 5)***
*GOD hates you Sinners! Yes, BOTH the "sin" and the "Sinner"!*
***(Please read Psalm 5: 4, 5);***

63.     The Plaintiff and their children visited Wal-Mart in order to get some water and

the children wanted to get some batteries. The children (Plaintiffs) were preaching the

gospel to a group of girls dressed like harlots and whores and the children informed the

girls that they were "whores" and witches because they had their breast exposed;

14

64.     The girls began to attack the Bethel children and became offended and physically hit one of the children per the children's testimony and began to confront the Plaintiff Glynis Bethel about her son's blunt preaching skills and discernment;

65.     Plaintiff Zion Bethel was with his sisters and the Defendant Police Officer Christopher Harris came over and was talking to the Plaintiffs (the children);

66.     The Plaintiffs Orlando and Glynis Bethel were concerned and walked over to the group and the Defendant Officer Christopher Harris was assaulting the Plaintiff Zion Bethel, without probable cause, violently grabbing, jerking and pulling on the Plaintiff Zion Bethel's arms as Zion was crying. Defendant Officer Christopher Harris kept referring to the Religious speech of the Plaintiff Zion Bethel telling people "GOD hate you" as not acceptable speech;

67.     The Plaintiff Orlando Bethel pulled out his video camera upon his wife's directions to catch the illegal actions of assault against their son by the Defendant Christopher Harris on film (video).  The Plaintiff filmed the assaults against his son. Officer Christopher Harris kept hollering while demanding that the Plaintiff turn off of his video camera, but the Plaintiff refused until the managers from Wal-Mart demanded the camera off;

68.     The Defendant Harris continued hollering and  threatening the Plaintiffs with false arrests and the detainment of their son Zion Bethel, blowing things out of proportion, because he had a small pocket knife (allowable by the laws of this state) and called for back up;

69.     The Plaintiffs stated that they were on private property and that they would just leave the premises, but the Defendants Christopher Harris and Defendant Jeff Hardy

15

hollered at the Plaintiffs and then held them captive and told them that they could not leave the store;

70.    The Defendants then decided to escort the Plaintiffs outside the Wal-Mart, but instead of hearing the witnesses on behalf of the Plaintiff Zion Bethel (which included his mother Plaintiff Glynis Bethel) or reviewing the surveillance cameras from Wal-Mart to ascertain the truth of any accusations, the Defendant Christopher Harris kept accusing the Plaintiff Zion Bethel of criminal activity and kept dictating to the Plaintiffs what words they could say when it came to their preaching. Defendant Christopher Harris referred to the fact that he did not like how Zion Bethel spoke (his Religious speech) to him personally;

71.    Defendant Christopher Harris requested previously that the parents communicate with him, but when the Plaintiff Glynis Bethel attempted to tell her side of the story as a witness, the Defendant kept telling her that he was going to "arrest" her if she didn't be quiet and then kept provoking the Plaintiff Glynis Bethel by telling her that her son was involved in criminal activity that had not been proven;

72.    When she questioned, "Arrest me for what?" He twisted the Plaintiffs arms behind her back with the help of another officer and placed the Plaintiff Glynis Bethel in handcuffs, without probable cause, but did not tell her what crime she committed and demanded that she get inside of a stuffy police car with all of the windows rolled up;

73.    Defendant Sergeant Willie Billingsly came on the scene and kept yelling at the Plaintiff Zion Bethel that he was going to put him in a detention center;

74.    Defendant Christopher Harris pulled Defendant Sergeant Willie Billingsly to the side to speak to him. Sergeant Willie Billingsly pointed his finger in Plaintiff Orlando

16

Bethel's face and then started yelling and questioning and demanding that the Plaintiff tell him Zion Bethel's name and age;

75.     The Plaintiff questioned the Defendant Billingsly why he was asking for his son's name and Defendant Christopher Harris told him that the Plaintiff Orlando Bethel was the same one who the Defendant Police Officer Jim Crowe had [falsely] arrested the day before;

76.     The Defendant asked the Plaintiff again what was Zion Bethel's name and age and the Plaintiff remained silent. The Defendant told the other police to arrest him for "Contributing to the Delinquency of a Minor";

77.     Defendant Jeff Hardy placed the Plaintiff Orlando Bethel, without probable cause, in handcuffs very tightly on his wrist (which caused him pain) and then Defendant Hardy and Billingsly along with other officers using excessive force pushed the Plaintiff Orlando Bethel and assaulted him by pushing the Plaintiff in the police car and hitting his head on the door frame (which also caused him pain in his head);

78.     Both the mother and daddy Plaintiffs were taken to jail and their children were left in the parking lot of the Wal-Mart store in the meantime the Plaintiff Glynis Bethel was frantically requesting the whereabouts of her children;

79.     Later the Plaintiff Glynis Bethel was told that she was being charged with "Failure to Obey a Law Enforcement Officer," but the officer would not give her the lawful order that she did not "obey";

80.     Defendant Lieutenant John Brock was on the premises of the jail when the Plaintiffs arrived and the Plaintiff Orlando Bethel said that he wanted to speak to the

17

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 17

commanding officer on duty. Lieutenant John Brock stated that he was the commanding officer and he would speak to the Plaintiff;

81.     The Plaintiffs began to complain to Defendant Lieutenant John Brock that his police officers had made false arrests without probable causes in violations of his constitutional rights specifically his First, Fourth, and Fourteenth Amendment rights  and that the Defendants' actions were Police Misconduct, excessive force, and were motivated by the Plaintiffs' Religious speech;

82.     The Plaintiff Orlando Bethel told the Defendant Lieutenant John Brock that he and his wife were both [falsely] arrested  based on unlawful orders and told him that they were rogue police officers;

83.     The Plaintiffs asked that the Defendant Lieutenant John Brock drop the false charges because they were without probable cause and they were unlawful, but the Defendant Lieutenant John Brock refused to administer justice claiming that he could not "un-arrest" the Plaintiffs;

84.     The Plaintiff Glynis Bethel explained to the Defendant Lieutenant John Brock that they were not asking for him to un-arrest the Plaintiffs because the arrests were not valid in the first place; therefore, they didn't exist and the Plaintiffs were requesting that Lieutenant John Brock would just make a judgment call that since the police did not have probable cause for the charges in the first place (which violated the Plaintiffs' First Amendment including their Religious beliefs to preach the gospel even though the word offends) the Plaintiffs should be released;

85.     Both Plaintiffs paid a bail bond of $90.00 ($45.00 each) to the Ms. Frances Bail Bond company after being in jail for about two hours;

18

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 18

86.    The Plaintiffs' children were brought to the police station later and stayed in the

area of the jail;

86(a) On September 26, 2006 the Plaintiffs filed a Notice of Claim for

87.    The Plaintiffs as a result of these additional retaliatory acts by the Defendants'    Sept 22 &

23, 2006

intend to file 42 U. S. C. 1983 claims for those violations;    incidents

(Exhibit F)

## FIRST CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' FOURTH AMENDMENT RIGHTS PURSUANT TO THE UNITED STATES CONSTITUTION

86.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded

in full;

87.    Defendants voluntarily and intentionally have violated Plaintiffs' Constitutional

rights (Fourth Amendment) to be free from an illegal search and seizure, by illegally

seizing, searching, falsely arresting, restraining and falsely imprisoning illegal search and

seizure, by illegally seizing, searching, falsely arresting, restraining and falsely

imprisoning the Plaintiffs, without probable cause, without legal authority, and without a

warrant, and in retaliation for their lawful exercise of their First Amendment rights to

Free Speech and Freedom of Association;

88.    The Defendants' voluntarily and intentionally actions in deploying law

enforcement units to disrupt First Amendment protected activity and subjecting plaintiffs

Orlando Bethel and Glynis Bethel to false imprisonments and arrest violated their Fourth

Amendment rights Plaintiffs Orlando Bethel and Glynis Bethel seized, without probable

cause, was also a conspiracy of Defendants;

89.    All Defendants as police officers acts under color of state law when they

purported to exercise official authority. In violations of Plaintiff Orlando Bethel's Fourth

and Fourteenth Amendment rights Defendant Christopher Harris manifested official

19

authority by confronting the Plaintiffs without a legitimate probable cause, identifying himself as a police officer, confining the Plaintiff's Orlando Bethel protected activities and threatening to place Plaintiffs children (also Plaintiffs) and Orlando Bethel and Glynis Bethel under arrest without probable cause and placing the Plaintiffs under false arrest. Wile the Defendants did not actually arrest Plaintiffs Zoe Bethel, Kezia Bethel and Zion Bethel they nevertheless threatened arrest and abandoned the children in the parking lot of Wal-Mart;

90.     The voluntarily and intentionally confinement of Plaintiffs Orlando Bethel and Glynis Bethel violated their Fourth and Fourteenth Amendment rights;

91.     The false charges against the Plaintiffs Orlando Bethel and Glynis Bethel are to be ultimately dismissed by this court because they were in bad faith, harassments, and extraordinary circumstances;

92.     These Defendants voluntarily and intentionally acted without having reasonable grounds to believe that the Plaintiffs Orlando Bethel and Glynis Bethel  were not committing a criminal offense (i.e.: no probable cause);

93.     As a result of Defendants' unlawful and unconstitutional acts Defendants voluntarily and intentionally had motives to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety, mental anguish, emotional distress, loss of freedom and liberty, embarrassment and infringement on their Free Speech and Freedom of Association rights and violated the First and Fourteenth Amendment rights of all of the Plaintiffs of the aforementioned;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

20

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 20

## SECOND CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' DUE PROCESS RIGHTS UNDER THE
## FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES
## CONSTITUTION / Violation of pRioR immunity

94.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full;

95.    Defendants voluntarily and intentionally have deprived the Plaintiffs of their liberty interest without due process of law, by illegally seizing, searching, falsely arresting, restraining and falsely imprisoning the Plaintiffs, without probable cause, without legal authority, and without a warrant and in retaliation for Plaintiffs' lawful exercise of their First Amendment rights to Free Speech and Freedom of Association;

96.    Sgt. Weber  and Lieutenant John Brock and Sergeant Willie Billingsly willfully, voluntarily and intentionally failed to prevent other officers in their presence and under their supervision from willfully and physically confining Plaintiffs Orlando Bethel and Glynis Bethel and then falsely arresting Plaintiff Glynis Bethel knowing there was no probable cause violates the Plaintiffs rights to be free from deprivation of liberty without due process of law;

97.    Plaintiff Orlando Bethel charges that the Defendant Officer Jimmy Crowe willfully and knowingly gave false evidence in his official police report in preparation of a court proceeding to imprison the Plaintiff under unlawful means which was the deprivation of liberty without due process of law;

98.    Any reasonable police officer would have known that the Plaintiff's activity of soliciting was not a crime especially after the City attorney granted the Plaintiff "permit" to solicit to avoid police intervention;

21

99.    The other false entry was in a State of Alabama, Criminal Complaint in which

Defendant Officer Jimmy Crowe lied and stated that the Plaintiff was soliciting in

violation of code 17.83 knowing that the Plaintiff had an official letter from the City of

Selma attorney Jimmy Nunn who gave permission for the Plaintiff to solicit in order not

to be harassed by the police;

100.    Defendants made false statements that the Plaintiffs committed crimes in which

the Plaintiffs did not commit in violation of equal protection of the laws and due process

of the laws;

101.    The Plaintiffs discovered that the City of Selma allows and has sanctioned the

privately owned Selma Times Journal to solicit newspaper sales on the public streets,

sidewalks and right of ways in the City of Selma, Alabama);

102.    Even though the Plaintiff Zion Bethel was being falsely accused, no police officer

requested to view the surveillance cameras video footage in the Wal-Mart stores in order

to establish probable cause through professional investigation by a police officer;

103.    Defendant Officer Jimmy Crowe made a false statement that the Plaintiff

committed other crimes in which the Plaintiff did not commit;

104.    The false charges against the Plaintiffs Orlando Bethel and Glynis Bethel should

be ultimately dismissed;

105.    As a result of Defendants` unlawful and unconstitutional acts Defendants motive

were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety,

mental anguish, emotional distress, loss of freedom and liberty, embarrassment and

infringement on their Free Speech and Freedom of Association rights;

22

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 22

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## THIRD CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' EQUAL PROTECTION RIGHTS PURSUANT TO THE FOURTEENTH AMENDMENT RIGHTS TO THE UNITED STATES CONSTITUTION

106.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full;

107.    Defendants voluntarily and intentionally have VIOLATED Plaintiffs' Equal Protection Rights by treating them differently than similarly situated individuals based on the Plaintiffs' sincerely held Religious beliefs in connection with the exercise of a fundamental right, by illegally seizing, searching, falsely arresting, restraining and falsely imprisoning the Plaintiffs, without probable cause, without legal authority, and without a warrant and in retaliation for Plaintiffs' lawful exercise of their Fourteenth Amendment rights to equal protection;

108.    The Plaintiffs discovered that the City of Selma allows and has sanctioned the privately owned Selma Times Journal to solicit newspaper sales on the public streets, sidewalks and right of ways in the City of Selma, Alabama);

109.    The Plaintiffs Orlando Bethel and Glynis Bethel claim that they were classified as using words that were not appropriate and categorized a basically being criminal by banning the Plaintiffs' Religious speech the Defendants who targeted all of the Plaintiffs for their sincerely held Christian beliefs and Fire-and-Brimstone Religious speech;

110.    Defendants confronted the Plaintiffs about their Religious content of their speech;

111.    When Plaintiff Glynis Bethel utilized her Religious speech and told the Defendants that the girls who were accusing the Plaintiff Zion Bethel were lying whores

23

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 23

the Defendant Christopher Harris made the false arrest without probable, the Plaintiff

believes was influenced based on the content of her Religious speech and the Defendants

criminalizing the Plaintiffs' Religion and speech "GOD Hates You";

112.    Defendants' actions in processing and treating differently the Plaintiffs exercise of

Religious speech opposed to others walking on public property and in the Wal-Mart and

exercising their secular (non-Religious) speech violated the Equal Protection Clause, the

Due Process Clause, and the First, Fourth and Fourteenth Amendment rights of those so

deprived;

113.    The false charges against the Plaintiffs Orlando Bethel and  Glynis Bethel should

be ultimately dismissed;

114.    As a result of Defendants' unlawful and unconstitutional acts Defendants motive

were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety,

mental anguish, emotional distress, loss of freedom and liberty, embarrassment and

infringement on their Fourth Amendment rights equal protection rights;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the

prayer for relief.

## FOURTH CAUSE OF ACTION
## VIOLATION OF PLAINTIFFS' FIRST AMENDMENT RIGHTS FREE SPEECH AND FREEDOM OF ASSOCIATION

115.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded

in full;

116.    Defendants voluntarily and intentionally have violated Plaintiffs' First

Amendment Rights to Free Speech and Freedom of Association by illegally seizing,

searching, falsely arresting, restraining and falsely imprisoning the Plaintiffs, without

24

probable cause, without legal authority, and without a warrant and in retaliation for Plaintiffs' lawful demonstration and communication in a traditional public forum;

117.    Defendants voluntarily and intentionally engaged in content based speech discrimination, without the showing of a compelling government interest and told Zion Bethel that he could not go around telling people, "GOD Hates You";

118.    Defendants voluntarily and intentionally failed to demonstrate or articulate any justifiable reasonable time, place or manner restriction of Plaintiffs' speech activities;

119.    Defendants exercised unbridle discretion, while implementing a prior restraint on Plaintiffs' constitutionally protected expression;

120.    Defendants failed to maintain any objective standards to govern their authority to prohibit Plaintiffs' otherwise constitutionally protected speech and the right to solicit the public for funds based on an approval from the City of Selma administration in which the Defendant Jim Crowe was aware of including Sergeant Weber;

121.    Defendants voluntarily and intentionally retaliated against Plaintiffs twice because they persisted in their effort to engage in free expression in a quintessential public forum which is allowed by the Constitution of the United States and went to the extraordinary measure in retaliation to harass the Plaintiffs in a Wal-Mart store with no real probable cause;

122.    As a result of Defendants' unlawful and unconstitutional acts Defendants motive were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety, mental anguish, emotional distress, loss of freedom and liberty, embarrassment and infringement on their Free Speech and Freedom of Association rights;

25

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 25

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## FIFTH CAUSE OF ACTION
## VIOLATION OF CONSTITUTION'S FREE EXERCISE CLAUSE OF RELIGION

123.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full;

124.    Defendant's subdivision of the State of Alabama was all created by the State of Alabama, or is authorized to act by the State of Alabama on its behalf. The Defendants sued in their official and individual capacities are employed by the Defendant subdivisions of the State of Alabama;

125.    The First Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment to the United States Constitution, prohibits the Defendants from prohibiting the Free Exercise of Religion;

126.    The Defendants voluntarily and intentionally violated this prohibition in that their actions prevented the Plaintiffs from a free exercise of their religion and religious rights by falsely arresting the Plaintiff Orlando Bethel when he is street preaching a sincerely held Religious belief of the Plaintiff. The unconstitutional "permit" requirement under the statute in the City of Selma violates the constitutional rights of the Plaintiff and interferes with his right to panhandle and make a living through his full time profession of street preacher;

127.    As a result of Defendants' unlawful and unconstitutional acts Defendants motive were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety, mental anguish, emotional distress, loss of freedom and liberty, embarrassment and

26

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 26

infringement on their Free Speech and Freedom of Association rights;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## SIXTH CAUSE OF ACTION
## VIOLATION OF CONSTITUTION'S FREEDOM OF THE PRESS

128.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full;

129.    The First Amendment to the United States Constitution, as made applicable to the States by the Fourteenth Amendment to the United States Constitution, prohibits the Defendants from abridging the Plaintiffs rights to the freedom of the press by distributing free Religious literature to the general public even motorist on the public street;

130.    The Defendants voluntarily and intentionally had actions that violated this prohibition in that their actions abridged the Plaintiffs right to freedom of the press;

131.    As a result of Defendants' unlawful and unconstitutional acts Defendants motive were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety, mental anguish, emotional distress, loss of freedom and liberty, embarrassment and infringement on their Free Speech and Freedom of Association rights;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## SEVENTH CAUSE OF ACTION
## ASSAULT

132.    Plaintiffs incorporate the preceding paragraphs herein the same as though pleaded in full;

27

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 27

133.    The Defendants voluntarily and intentionally acted intending to cause harmful or offensive physical contact with respect to Plaintiffs Orlando Bethel and Plaintiff Glynis Bethel;

134.    As a result, the Plaintiffs Orlando Bethel, Plaintiff Glynis Bethel, and Zion Bethel and Zoe Bethel were put in imminent apprehension of contact and/or harm or assaulted;

135.    Plaintiff Orlando Bethel suffered an injury to his wrist and head and physical pain cause by the Defendant's actions and false arrests;

136.    The Plaintiff Orlando Bethel was assaulted and slammed against a vehicle several times by the Defendant Jim Crowe on two different occasions which caused him pain. His arm were twisted which caused him pain;

137.    Plaintiff Glynis Bethel suffered an injury to her wrist and physical pain cause by the Defendant's actions and false arrest;

138.    Plaintiff Zion Bethel suffered when his arms were jerked by the Defendant Christopher Harris cause by the Defendant's actions without real probable cause;

139.    Plaintiff Zion Bethel suffered when her head was hit when she was forced into the police car were jerked by the Defendant Christopher Harris cause by the Defendant's actions without real probable cause;

140.    As a result of Defendants' unlawful and unconstitutional acts Defendants motive were to make the Plaintiffs suffer fear and intimidation. The Plaintiffs did suffer anxiety, mental anguish, emotional distress, loss of freedom and liberty, embarrassment and infringement on their Free Speech and Freedom of Association rights;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

28

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 28

## EIGHTH CAUSE OF ACTION
## NEGLIGENCE & INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Negligence and negligent supervision WITH WILLFUL AND deliberate indifference to
constitutional rights by supervisors, actionable under 42 U.S.C. §1983 and 42 U.S.C.
1985(3) mental anguish purposeful infliction of emotional distress

141.    Plaintiffs incorporate the preceding paragraphs herein the same as though

pleaded in full;

142.    All Defendants voluntarily and intentionally acted under color of the statutes,

ordinance, regulations, customs, or usage of the State of Alabama or of the City of Selma,

Alabama in that is where they purportedly drew their authority to act as described in this

Complaint and inflicted mental anguish and purposeful infliction of emotional distress to

all of the Plaintiffs;

143.    All Defendants subjected to the Plaintiffs, or caused the Plaintiffs to be subjected

to the deprivation of rights, privileges, or immunities secured to them under Constitution

and law of the United States;

144.    Said deprivations caused injuries to the Plaintiffs;

145.    The Plaintiffs are citizens of the United States;

146.    The above reference policies and customs and also to willful and intently failure

to properly train it officers constitute deliberate indifference on the part of policy maker

who is Sergeant Weber, Lieutenant John Brock, and Sergeant Willie Billingsly;

147.    The actions of the Defendants (Sergeant Weber, Lieutenant John Brock, and

Sergeant Willie Billingsly) were voluntarily and were in conspiracy to deprive Plaintiffs

of their constitutional rights secured;

29

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 29

148.    The individual officers Defendants Jimmy Crowe, Officer Christopher Harris and

Officer Jeff Hardy and supervisors Sergeant Weber, Lieutenant John Brock, and Sergeant

Willie Billingsly involved in the unlawful arrest and confinement had the duty to exercise

reasonable care in the conduct towards Plaintiffs in violation of the Plaintiffs

constitutional rights;

149.    The individual supervisors, including Sergeant Weber, Lieutenant John Brock,

and Sergeant Willie Billingsly and his downward chain-of-command had the duty to

exercise appropriate command authority in their supervision of their subordinates;

150.    Individual officers and supervisors were both negligent in the exercise of these

duties of care owed to plaintiffs;

151.    Even though Sergeant Weber was aware that the City of Selma's attorney Jimmy

Nunn granted the Plaintiffs a "permit" letter for their soliciting, the City of Selma

Sergeant Weber willfully ignored the City of Selma's granting of the Plaintiffs the right

to solicit based on their Religious beliefs or ministry and allowed the Plaintiff Orlando

Bethel to be arrest by Defendant Jim Crowe contrary to the authority of the City of Selma

officials. The Plaintiff was granted the letter after he informed the City of Selma that the

"permit" to interact with motorist to distribute free Religious literature and collect

donations requirement was unconstitutional;

152.    Even though Sergeant Weber and Lieutenant John Brock, were confronted that

the actions of the police were in violation of the Plaintiffs' constitutional rights through

willful negligence and concluded that no reasonable officer would believe that on any

arrest, that the Plaintiffs actions were a crime, but the Defendants Sergeant Weber and

30

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 30

Lieutenant John Brock refused to dismiss the charges and made claims that they could not "un-arrest" the Plaintiffs false charges;

153.    As a direct and proximate cause of these Defendants' voluntarily and intentionally negligence, Plaintiffs suffered the harms complained of herein;

154.    The individual supervisors, including Sergeant Weber, Lieutenant John Brock, and Sergeant Willie Billingsly and their downward chain-of-command had the duty to exercise appropriate command authority in their supervision of their subordinates. They failed to exercise appropriate command authority relating to the officers who engaged in the unconstitutional deprivations complained of herein;

155.    The individual supervisors specifically Sergeant Weber, Lieutenant John Brock, and Sergeant Willie Billingsly and his downward chain-of-command had the duty to intervene to prevent or halt unlawful and/or unconstitutional police conduct related to the false arrests and confinements of the Plaintiffs' children. They willfully and knowingly failed to intervene to prevent the unlawful and unconstitutional deprivations complained of herein;

156.    Additionally, and in the alternative, the individual supervisors Sergeant Weber, Lieutenant John Brock, and Sergeant Willie Billingsly and their downward chain-of-command directed, encouraged and/or participated in the unlawful and unconstitutional conduct complained of herein;

157.    These actions and omissions constituted gross negligence and deliberate indifference to the constitutional rights of all of the plaintiffs;

**158.**    As a direct and proximate result of the said acts or omissions of the individual supervisors, the plaintiffs have suffered monetary and non-monetary harm including the

31

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 31

deprivation of constitutional rights under the First, Fourth and Fourteenth Amendments to the U.S. Constitution, physical and emotional pain and suffering, as well as injuries described elsewhere in the complaint;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

### NINTH CAUSE OF ACTION
### VIOLATION: UNCONSTITUTIONAL ORDINANCE (PERMIT), POLICY, CUSTOM OR PRACTICE LIABILITY

**159.**    All of the preceding paragraphs of the complaint are incorporated herein by reference, the same as though pleaded in full;

**160.**    The Defendants under Section 1983, action under color of State Law, subjected or caused the Plaintiffs Orlando Bethel, Glynis Bethel individually and Orlando Bethel, Glynis Bethel as (next friends) of Zoe Bethel, Kezia Bethel and Zion Bethel, violated Constitutional rights and caused the Plaintiffs to be subjected to the deprivation of their right to Freedom of Speech, Free Exercise of their Religion, Peaceable Assembly, Right to Petition the Government for a Redress of Grievances, Equal Protection of the Laws, Due Process of the Law, Unreasonable Search and Seizure and further violations of the Fifth, Sixth Amendments under the United States Constitution; *by enforcing unconstitutional ordinances Sections 17-83 and 177 to be Repealed (Exhibits D, E)*

**161.**    The City of Selma, acting through its employees and agents Defendants, officially sanctioned the above-described unconstitutional acts that occurred during and as a result of the Plaintiffs exercise of their First Amendment rights;

**162.**    The (Defendants) has caused by use of their "permit" requirement policy, custom or practice, bad faith harassing arrests and prosecutions in retaliation for the Plaintiffs exercise of their First Amendment rights;

32

314. Defendants, who are the final policy making authority on police activities for the City of Selma, was not only present and ratified his police officers conduct, but Defendants also was an active participant in the unlawful and unconstitutional barrage of banning, deterring, suppressing, chilling, assaulting, arresting, restraining, detaining, confining, and prosecuting the Plaintiffs in retaliation for the Plaintiffs exercise of their unpopular and despised religious speech;

**163.**   Defendants who establishes city "permit" requirements policy, custom or practice directs the action, the municipality is responsible whether that action is to be taken only once or to be taken repeatedly;

**164.**   It is the policy, custom and practice of the Defendants and police officers to exclude the Plaintiffs from the public facilities and public ways if the Plaintiffs express their unpopular and despised Religious views;

**165.**   It is the policy, practice or custom of the Defendants to suppress the peaceful expressive religious speech of the Plaintiffs that it finds to be unpopular and despised;

**166.**   As a direct and proximate cause of this conspiracy and entrapment to interfere with the Plaintiffs civil and constitutional rights, the Plaintiffs were denied their most basic Federally protected rights and were subjected to assault, false imprisonment and false arrest and suffered pain, assault, inconvenience, false imprisonment, anguish, embarrassment, humiliation and loss of reputation in the community;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## TENTH CAUSE OF ACTION
## VIOLATION: ENTRAPMENT (LOCAL RULE 16.12)

33

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 33

**167.**    All of the preceding paragraphs of the complaint are incorporated herein by reference, the same as though pleaded in full;

**168.**    The Defendants actions on April 9, 2005 egregiously exceeded all reasonable and justifiable investigative procedures without any probable cause, and the Defendants through their own actions unlawfully instigated and induced the Plaintiffs false arrests to created a crime against the Plaintiffs for the dates of September 22, 2006 and September 23, 2006;

**169.**    The Defendants actions were without any probable causes and were egregiously instigated to unlawfully induced criminal charges against the Plaintiffs knowing that the Plaintiffs are fire and brimstone preachers who are unusually determined to persist in their protected free speech activity as a direct result of the HOLY SPIRIT`SGOD) instructions to go into all of the world to preach to EVERY creature;

**170.**    The actions of the Defendants, as stated herein, were entrapment and designed and intended to intimidate Plaintiffs and to induce the Plaintiffs in committing a crime, in which the Plaintiffs were not pre-disposed to commit, by the Plaintiffs being detained in the Wal-Mart upon an unlawful order without any probable cause and to discourage them from present and future expression of unpopular Religious speech;

**171.**    All of the unlawful actions stated herein, were intended by the Defendants to cause injury to the Plaintiffs and was done with a conscious disregard for the rights and safety of the Plaintiffs and the acts were willful, wanton, malicious and oppressive, thereby justifying the awarding of compensatory and punitive damages against the City of Selma and each of the individual Defendants in which no reasonable officer would

34

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 34

believe that the Plaintiffs were committing any crimes by soliciting on the public property and their speech;

**172.**     As a direct and proximate cause of this conspiracy and entrapment to interfere with the Plaintiffs civil and constitutional rights, the Plaintiffs were denied their most basic Federally protected rights and were subjected to assault, false imprisonment and false arrest and suffered pain, assault, inconvenience, false imprisonment, anguish, embarrassment, humiliation and loss of reputation in the community;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

## ELEVETH CAUSE OF ACTION
## VIOLATION: POLICE MISCONDUCT

**173.**     All of the preceding paragraphs of the complaint are incorporated herein by reference, the same as though pleaded in full;

**174.**     The Plaintiffs have already exhausted all administrative remedies by filing a complaint with the Department of Justice (DOJ) and with the Federal Bureau of Investigations (FBI) and are therefore entitled to file this claim under 42 U.S.C. §§ 2000d, et seq. and 42 U.S.C. §§ 3789d(c);

**175.**     The Defendants actions against the Plaintiffs on all of the applicable dates on the public property egregiously exceeded all reasonable and justifiable protected functions within the scope and authority of the Defendants lawful duties for which a reasonable police officer would know and therefore they are liable for the following unlawful acts committed against the Plaintiffs;

360. Defendants with intent to cause physical injury through assaults to the all applicable

35

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 35

Plaintiffs (Orlando, Zoe, Zion and Glynis Bethel) did act out side of the scope and authority of their lawful duties and did cause physical injury to Orlando Bethel by slamming the Plaintiff against the Defendant Jim Crowe's vehicle and thus causing him physical pain and twisting the Plaintiff's arm unnecessarily which caused him pain;

176.    Defendants with intent to cause physical injury to Zoe Bethel by bumping her head while being forced into the police car;

177.    The Defendant Christopher Harris did act out side of the scope and authority of their lawful duties and did cause physical injury to Glynis Bethel by placing her in handcuffs that were too tight causing discomfort and pain;

178.    The Defendant Christopher Harris did act out side of the scope and authority of their lawful duties by assaulting and causing physical discomfort to Zion Bethel by jerking Zion Bethel by the arm causing discomfort;

179.    All of the Defendants unlawful actions were not provoked, were without probable cause and egregiously exceeded all reasonable and justifiable protected functions of the Defendants lawful duties;

180.    As a direct and proximate cause of this conspiracy and entrapment to interfere with the Plaintiffs civil and constitutional rights, the Plaintiffs were denied their most basic Federally protected rights and were subjected to assault, false imprisonment and false arrest and suffered pain, assault, inconvenience, false imprisonment, anguish, embarrassment, humiliation and loss of reputation in the community;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

36

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 36

## TWELFTH CAUSE OF ACTION
## VIOLATION: RETALIATION FOR EXERCISE OF FIRST AMENDMENT RIGHTS

**181.**    All of the preceding paragraphs of the complaint are incorporated herein by reference, the same as though pleaded in full.

**182.**    The unlawful actions of the Defendants as stated herein, were without any probable cause of the Plaintiffs' committing any crime and made in bad faith and in retaliation for the Plaintiffs' peaceful exercise of constitutional rights to free speech, free assembly, free association, and free exercise of religion.

**183.**    The criminal actions of the Defendants as stated herein, were without any probable cause of the Plaintiffs' committing any crime and made in bad faith and in retaliation for the Plaintiffs Orlando Bethel and Glynis Bethel petitioning the government when they filed a "Notice of Claim" against the City of Selma for its' police officers unconstitutional actions, which was served on the City of Selma subsequent to September 3, 2005.

**184.**    The Defendants actions of characterizing the Plaintiffs' despised religious speech as unacceptable speech were without any probable cause of the Plaintiffs' committing any crime and constitutes First Amendment retaliation, in that the Defendants Selma Police Officers *("Corrupt Law Officers Repent...")* were also the subjects of the Plaintiffs' public exercise of their religious speech.

**185.**    The Defendants cannot avoid liability by hiding behind a third party for their malicious, bad faith and retaliatory actions to deter, silence and stop the Plaintiffs' peaceful exercise of their constitutional rights on the public right of ways and streets.

37

**186.**    The Defendants Sergeant Billingsly, Sergeant Weber and Lieutenant Brock who supervisors for the Defendant Police Officers had no probable cause of the Plaintiffs' committing any crime and further approved and/or consented to the physical assaults against the Plaintiffs and their children.

**187.**    As a direct and proximate cause of this conspiracy and entrapment to interfere with the Plaintiffs civil and constitutional rights, the Plaintiffs were denied their most basic Federally protected rights and were subjected to assault, false imprisonment and false arrest and suffered pain, assault, inconvenience, false imprisonment, anguish, embarrassment, humiliation and loss of reputation in the community;

Wherefore, Plaintiffs pray for relief against all Defendants as hereinafter set forth in the prayer for relief.

### PRAYER OF RELIEF

**188.**    WHEREFORE, Overall the Defendants actions were voluntarily and intentionally AND in violations of the Plaintiffs' clearly established and well settled Federal Constitutional rights. The Defendants do not have any statutory or judicially created privilege available to them as to exempt them from tortuous liability for their willful and unlawful actions;

**THE Plaintiffs respectfully seek judgment against the Defendants as follows:**

A. Compensatory damages against all Defendants of one-million (1,000,000.00) because of willful, voluntarily and intentionally, bad faith violations of Plaintiff's Constitutional rights and to **set a precedent case** so badly needed in this time of blatant infringement of Christians' Constitutional rights throughout the United States;

B. Punitive damages against all Defendants of one-million (1,000,000.00) because the

38

conduct of all Defendants was voluntarily and intentionally, willful and malicious, or done in knowing and reckless indifference toward, and a disregard of, the rights of others and no reasonable officer would ever believe that any of the Plaintiffs were really involved in any criminal activity by preaching the gospel on public property;

C. A Declaratory Judgment finding that the disruption and preventive arrest tactics of Defendants have violated Plaintiffs' Constitutional rights as set out in Plaintiffs' First, Second, Third, Fourth, Fifth, Sixth, Seventh, and Eighth causes of action, etc.;

D. Compensatory damages against the City of Selma, Alabama and the police departments and Defendants for violations of federal rights pursuant to 42 U.S.C. § 1983 and violations of 42 U.S.C. § 1985(3) and other applicable laws listed in jurisdiction in complaint, including all costs and disbursements incurred in this action

E. Declaratory judgment rendering null and void all Plaintiffs' false criminal charges.

F. Compensation by the responsible parties for negligence and negligent supervision;

G. Any other and further relief as this Court would deem necessary and proper.

H. Declaratory judgment unconstitutional Ordinances 17-83 and 177 to be Repealed

We declare under penalty of perjury that the foregoing is true and correct.

Prayerfully Submitted,

_____
Orlando Bethel (Plaintiff, Pro Se)

Dated: 26 day of Sept, 2006.

_____
Glynis Bethel (Plaintiff, Pro Se)

Dated: 26 day of Sept, 2006.

Orlando Bethel
Glynis Bethel
Plaintiffs (Pro Se)
12724-D Hwy 90
Loxley, Alabama 36551
Phone/Fax: (251) 964-9955

39

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 39

*(Please Pray: Father God in the name of Jesus, I repent of all of my sins. I believe that Jesus died and rose again to save me. Please fill me with the gift of the Holy Spirit with the sign of speaking with "new" tongues. In Jesus' name I pray…Amen.)*

## CERTIFICATE OF SERVICE

We hereby certify that a copy of the foregoing **COMPLAINT FOR 42 USC 1983 CIVIL RIGHTS VIOLATIONS AND REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES** was mailed delivered to the Defendants' attorney on the record for the City of Selma at the Address is: 222 Broad Street, P.O. Box 450, Selma, Alabama 36702-0450. Phone: 334-874-2407: on _____Sept 26_____, 2006

_____          Dated: 26 day of ____Sept____, 2006.
Orlando Bethel (Plaintiff, Pro Se)

_____          Dated: 26 day of ____Sept____, 2006.
Glynis Bethel (Plaintiff, Pro Se)

Orlando Bethel
Glynis Bethel

Attorneys (Pro Se)
12724-D Hwy 90
Loxley, Alabama 36551
Phone/Fax: (251) 964-9955

40

Bethel et. al. vs. The City of Selma Alabama et. al.
Complaint
Page 40

2:06-cv-870-MEF

Exhibit A

Video tape

(assaults)

2:06-CV-870-MEF



## CITY OF SELMA
222 BROAD STREET • P.O. BOX 450 • SELMA, ALABAMA
36702-0450

JIMMY L. NUNN
CITY ATTORNEY

September 1, 2005

OFFICE  (334) 874-2407
FAX      (334) 874-2408
E-MAIL  jimmynunn@earthlink.net

### REGARDING NEW LIFE GOSPEL PRODUCTIONS C/O ORLANDO BETHEL

To Whom It May Concern:

This letter serves as notification that the City of Selma has no objection to New Life Gospel Productions, a 501 (3)(c) organization, conducting the following activities, as specified:

1.  Distribution of free literature and acceptance of public donations on Highway 80 (Broad Street).

2.  Distribution of free literature and acceptance of public donations on Highway 22.

3.  Distribution of free literature and acceptance of public donations on Highway 80 and 14 (Highland Avenue).

Nothing within this correspondence shall be misconstrued that the City of Selma is permitting these activities within any other residential or commercial areas and/or municipal streets of the City. Further, the City of Selma is not permitting or condoning to any activities that are not within a reasonable scope of the activities listed herein or that may otherwise compromise the health, safety and/or welfare of the citizens of the City of Selma.

If this office may be of further assistance, please feel free to contact the same.

Sincerely,

JIMMY L. NUNN, City Attorney
CITY OF SELMA

JLN/nr

cc:     Mayor James Perkins, Jr.
        Jimmy R. Martin, Chief of Police
        Lois Williams, City Clerk

Exhibit  B

# NOTICE OF CLAIM(S)
## FOR INCIDENT DATES:
August 9, 2005; September 1, 2005; September 3, 2005, City of Selma, Alabama

## TO WHOM THIS MAY CONCERN:

RE: **Civil Rights** violations of the Alabama Constitution specifically the Alabama Religious Freedom Amendment (622) and also Section 25 Right to peaceably assemble and petition and the rights of Orlando Bethel and Glynis Bethel under the First, Fourth, and fourteenth Amendments United States Constitution. This letter is to serve notice that both Orlando Bethel and Glynis Bethel (and the children of both parties) hereby make claims against: Selma, Alabama for Civil Rights violations. According to laws for STATE ACTION: *"In federal Civil Rights Acts dating back to 1875, any activity by the government of a state, any of its components or employees (like a sheriff) who uses the 'color of law' (claim of legal right) to violate an individual's civil rights. Such 'state action' gives the person whose rights have been violated by a governmental body or official the right to sue that agency or person for damages."*

For repeated violations by the Selma Police Department of both Orlando Bethel and Glynis Bethel's (and the children of both parties) **Civil Rights** (injuries and damages for religious and racial discrimination) to preach the gospel and have a religious opinion or viewpoint (placed on their vehicle) on public property as is allowed by the Alabama Constitution without constant governmental intervention (with **no legitimate governmental interest**) or preclusion of speech or criminalizing Orlando Bethel and Glynis Bethel exercise of their religious rights on the public property to preach the gospel of JESUS CHRIST to the general public through verbal means, signs, the distribution of free religious literature to motorist and the collection of donations from motorist who have stopped at the traffic lights unhindered by corrupt police officers (as it applies) as the City of Selma, Alabama allows the Selma Times Journal's newspaper distributors ("hawkers") to perform the same activity but **without Selma police officers threats of (false) arrests.**

The Notice of Claim dates are posted in the heading of this complaint. The Civil Rights violations of both Orlando Bethel and Glynis Bethel has included constant threats of (false) arrests WITHOUT PROBABLE CAUSE and an **assault by the Selma Police** which was recorded on video tape as it happened. Selma Police officers: J. Crowe, Lt. David Evans, officer Nichols, officer Janet Cole, Officer R. Jones, Officer R. Walker Bethel

_____
**Orlando Bethel (Plaintiff, Attorney Pro Se)**

Dated: 28 day of Oct , 2005. officer T. Richburg
sgt Joe Bills

_____
**Glynis Bethel (Plaintiff, Attorney Pro Se)**

Dated: 28 day of Oct , 2005. Officer J.A.Struggs
State of Florida/County of Escambia

_____
**Notary Public**

**Plaintiffs (Attorneys Pro Se):**
**Orlando Bethel**
**Glynis Bethel**
12724-D Hwy 90
Loxley, Alabama 36551
Phone/Fax: (251) 964-9955

March 20, 2009
_____
**Commission Expires**

CITY ATTORNEY'S OFFICE

received

Exhibit C

JANET R. FATCHERIC
MY COMMISSION # DD 408786
EXPIRES: March 20, 2009

Case 2:06-cv-00870-MEF-SRW    Document 1-2    Filed 09/28/2006    Page 4 of 6

2:06-CV-870-MEF

Sec. 17-82. Smoking tobacco regulated in public places; intent; penalty.

(a) The smoke from tobacco, in the form of cigarettes, pipes or cigars, has been conclusively found to be injurious to human health, not only to the person smoking, but also to the nonsmoker who is required to breathe such contaminated air. The most pervasive intrusion of the nonsmoker's right to unpolluted air space is the uncontrolled smoking in confined public places. The city council of the City of Selma intends, by the adoption of this section, to protect the health and atmospheric environment of the nonsmoker by regulating smoking in certain public areas.

(b) Smoking tobacco in any form is hereby declared to be a public nuisance, and therefore prohibited if done in any of the following places open to and used by the general public and which said places are owned by the city or any agency thereof, or under the jurisdiction and control of the city, viz: Elevators in public buildings; indoor theaters; public libraries; art galleries; museums; concert halls; public auditoriums; buses and other public passenger carriers. Provided, however, this section does not prohibit smoking in the areas listed above if the smoking is confined to areas separated from those used by the general public and clearly identified as smoking areas.

(c) Any person violating the provisions of this section shall be guilty of a misdemeanor, and upon conviction shall be punished by a fine in an amount not to exceed the sum of two hundred dollars ($200.00). (Ord. No. 248, §§ 1—3, 1-26-76)

Editor's note—Ord. No. 248, §§ 1—3, adopted Jan. 26, 1976 did not specifically amend the Code. Codification herein as § 17-82 was, therefore, at the discretion of the editor.

Sec. 17-83. Soliciting in public rights-of-way prohibited.

(a) It shall be unlawful and an offense against the City of Selma, Alabama, for any person to solicit business or charitable contributions from operators or passengers in vehicles which are in transit on any public way or street in the City of Selma, Alabama.

Exhibit D

(b) Any person found guilty of violating any of the provisions of this section shall be fined in an amount not exceeding the sum of two hundred dollars ($200.00), and may also be sentenced to hard labor for the city or to imprisonment in the city jail for a period not exceeding six (6) months, one or both, in the discretion of the court trying the case. (Ord. No. 262, §§ 1, 2, 11-8-76)

Editor's note—Ord. No. 262 did not specifically amend the Code and has been included as § 17-83 at the editor's discretion.

Sec. 17-84. Garage sales.

(a) Definitions: For the purposes of this section, the following terms, phrases, words, and their derivations shall have the meaning given herein. When not inconsistent with the context, words used in the present tense include the singular number, and words in the singular number the plural number. The word "shall" is always mandatory and not merely directory.

(1) Garage sale shall mean and include all general sales, open to the public, conducted from or on a residential premise in any residential zone, as defined by the zoning ordinance, for the purpose of disposing of personal property including, but not limited to, all sales entitled "garage," "lawn," "yard," "attic," "porch," "room," "backyard," "patio," "flea market," or "rummage" sale. This definition shall not include a situation where no more than five (5) specific items are held out for sale and all advertisement of such sale specifically names those items to be sold.

(2) Personal property shall mean property which is owned, utilized and maintained by an individual or members of his or her residence and acquired in the normal course of living in or maintaining a residence. It does not include merchandise which was purchased for resale or obtained on consignment.

(b) Property permitted to be sold: It shall be unlawful for any individual to sell or offer for sale, under authority granted by this section, property other than personal property.

177

2:06-CV-870-MEF

ORDINANCE NO. 177

BE IT ORDAINED BY THE CITY COUNCIL OF THE CITY OF
SELMA, ALABAMA, AS FOLLOWS:

SECTION ONE

Every person who commits any of the following acts
shall be guilty of disorderly conduct, a misdemeanor;

(a)  Who solicits anyone to engage in or who engages in
lewd or dissolute conduct in any public place or in any place
open to the public or exposed to public view.

(b)  Who solicits or who engages in any act of pros-
titution.  As used in this subdivision, "prostitution" includes
any lewd act between persons for money or other consideration.

(c)  Who accosts other persons in any public place
or in any place open to the public for the purpose of beg ing
or soliciting alms.

(d)  Who loiters in or about any toilet open to the
public for the purpose of engaging in or soliciting any lewd
or lascivious or any unlawful act.

(e)  Who loiters or wanders upon the streets or from
place to place without apparent reason or business and who
refuses to identify himself and to account for his presence
when requested by any peace officer to do so, if the surround-
ing circumstances are such as to indicate to a reasonable
man that the public safety demands such identification.

(f)  Who is found in any public place under the
influence of intoxicating liquor, or any drug, or under the
influence of any combination of any intoxicating liquor, or

Exhibit
E

*(handwritten:)* 2:06-CV-870-MEF

*(handwritten:)* (Notice of Claim) Sections: 11-47-23 11-47-192

# IN THE UNITED STATES DISTRICT COURT
*(handwritten:)* Code of Alabama
## FOR THE MIDDLE DISTRICT OF ALABAMA
*(handwritten:)* Dates: September
### NORTHERN DIVISION
*(handwritten:)* Incident Dates: September 22, 23 2006

*(stamp: FILED LOIS WILLIAMS CITY CLERK CITY OF SELMA ALABAMA)*

**ORLANDO BETHEL and GLYNIS
BETHEL individually, and ORLANDO
BETHEL and GLYNIS BETHEL as
Next Friends of Minor Children ZOE
BETHEL, KEZIA BETHEL and
ZION BETHEL;**
        **Plaintiffs,**

**vs.**

      Civil Action No.:

**THE CITY OF SELMA, ALABAMA;
SERGEANT WEBER in his official and
individual capacity as a police officer;
OFFICER JIMMY CROWE in his official
and individual capacity as a police officer;
LIEUTENANT JOHN BROCK in his official
and individual capacity as a police officer;
SERGEANT WILLIE BILLINGSLY
in his official and individual capacity as a
police officer; OFFICER CHRISTOPHER
HARRIS in his official and individual capacity
as a police officer; OFFICER JEFF HARDY
in his official and individual capacity as a police
officer;**
        **Defendants.**
_____/

## COMPLAINT
### FOR 42 USC 1983 CIVIL RIGHTS VIOLATIONS AND REQUEST FOR TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTIVE RELIEF, DECLARATORY JUDGMENT AND DAMAGES

1.      This is a civil rights action brought pursuant to the First, Fourth and Fourteenth

Amendments to the Constitution of the United States, 42 U.S.C. 1983;

1

*(handwritten:)* Exhibit F